# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 12-750V

(E-Filed:  March 25, 2014)

```
* * * * * * * * * * * * * * * *
DAVID KONAR                          *      Special Master
                                     *      Hamilton-Fieldman
                                     *
            Petitioner,              *      Petitioner's Motion for Dismissal
                                     *      Decision Dismissing the Petition;
v.                                   *      Insufficient Proof of Causation
                                     *
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
            Respondent.              *
* * * * * * * * * * * * * * * *
```

## DISMISSAL DECISION[1]

On November 2, 2012, Mr. Ronald Konar timely filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Program"), on behalf of his son, David Konar.[2]  The caption was subsequently amended to reflect David Konar as the proper Petitioner.  Order, 3/19/2014.  The petition alleges that Petitioner suffered a

---

[1]     Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b). Otherwise, "the entire" decision will be available to the public. Id.

[2]     The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* ( hereinafter "Vaccine Act" or  "the Act").  Hereafter, individual section references will be to 42 U.S.C.A. § 300aa of the Act.

vaccine-related injury that included mental confusion and memory impairment following the administration of a tetanus vaccine on March 8, 2011. *See* Ex. 1 at 1. The information in the record, however, does not show entitlement to an award under the Program.

On March 19, 2014, Petitioner filed a Motion for a Decision dismissing his petition. Petitioner asserts in his Motion that under the current applicable law he will be unable to demonstrate entitlement to compensation in the Program. Petitioner's Motion at 1. Accordingly, Petitioner requests that the undersigned dismiss the above-captioned petition. Id.

To receive compensation under the Program, petitioners must prove either 1) that Petitioner suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or 2) that Petitioner suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that Petitioner suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that Petitioner's alleged injury was vaccine-caused.

Under the Act, a petitioner may not be given a Program award based solely on the Petitioner's claims. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, because there are no medical records supporting Petitioner's claim, a medical opinion must be offered in support. Petitioner, however, has offered no such opinion.

Accordingly, it is clear from the record in this case that petitioners have failed to demonstrate either that Petitioner suffered a "Table Injury" or that his injuries were "actually caused" by a vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master